UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. MEDINA, et al.,<br><br>　　　　Defendants. | No.  2:12-cv-1530 CKD<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The matter is now before the court on defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 27.  Plaintiff has filed an opposition and defendants have filed a reply.  ECF Nos. 29, 30.

PLAINTIFF'S ALLEGATIONS

　　　　At all times relevant to the allegations made in the complaint, plaintiff was an inmate housed at Solano State Prison, defendant Medina was employed as a correctional officer at Solano State Prison, and defendant Guillory was employed as a Sergeant at Solano State Prison.

　　　　Plaintiff alleges that on February 8, 2011, he was placed in Administrative Segregation. Complaint (ECF No. 1) at 3.  During this placement, defendant Medina confiscated plaintiff's gold-tone watch bracelet, religious medallion, and gold chain.  Id.  Plaintiff alleges that he had a property card that stated that plaintiff was permitted to possess the confiscated items.  Id.

1

1  Plaintiff made several attempts at contacting Medina to inform him that plaintiff wished to have
2  the confiscated property sent home; however, Medina never responded to these requests. Id.
3  Plaintiff claims that Medina intentionally and illegally deprived plaintiff of his personal property.
4  Id. at 3-4.
5        Plaintiff further alleges that on August 8, 2011, plaintiff spoke with defendant Guillory by
6  telephone regarding an appeal that plaintiff had filed in connection with the confiscation of his
7  personal property. Id. at 4. During this conversation, plaintiff told Guillory that he wished to
8  have his confiscated property sent home to his family. Id. Guillory responded by explaining that
9  plaintiff's property was contraband "because its value exceeded the allowed value." Id. Plaintiff
10 replied by stating that he did not understand and wanted to have the property sent home. Id.
11 Plaintiff alleges that Guillory ignored this request. Id.
12       Plaintiff alleges that both defendants acted with the intention of depriving plaintiff of his
13 confiscated property so that they may keep it for themselves. Id. He further alleges that he never
14 received any notice as to what happened to his confiscated property and that defendants
15 confiscated his property "in pursuant [sic] of a[n] established state procedure." Id. at 4-5.
16       Plaintiff requests relief in the form of an injunction requiring defendants to return
17 plaintiff's confiscated property to plaintiff. Id. at 3. In the alternative, plaintiff requests
18 compensatory damages in the amount of $4,070, the amount plaintiff claims the confiscated items
19 are worth. Id.
20              STANDARDS FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
21       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for
22 "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In
23 considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true
24 the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe
25 the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
26 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more
27 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
28 allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. at 93 (quoting Bell Atlantic Corp., 550 U.S. at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

## DEFENDANTS' MOTION TO DISMISS

Defendants argue that plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff fails to state a claim upon which relief can be granted.  In particular, defendants note that plaintiff does not specify a cause of action in his complaint, but that it appears that he attempts to claim a due process violation based on defendants' alleged deprivation if his personal property.  Defendants argue that the allegations plaintiff makes in his complaint are insufficient to state a claim under the Due Process Clause of the Fourteenth Amendment because California law provides plaintiff with a meaningful post-deprivation remedy.

Plaintiff asserts in his reply that defendants erroneously presume that plaintiff solely alleges a due process claim against each defendant.  Reply (ECF No. 30) at 4.  Plaintiff clarifies in his opposition that his claim against defendants is predicated on the alleged fact that they failed to adhere to the "governing state laws, rules, regulations, policies, and procedures."  Id. at 3.  Plaintiff further clarifies that defendants are violating state law, rules, regulations, policies and procedures [and] federal law."  Id.  Plaintiff also states that he is bringing this action against defendants under 42 U.S.C. § 1983 and the United States Constitution.  Id. at 2-3.  However, like in his complaint, plaintiff fails to specify which cause of action he attempts to bring against defendants pursuant to 42 U.S.C. § 1983.  Nevertheless, when the allegations in the complaint are given a liberal construction,[1] it appears that plaintiff seeks to state a claim against defendants under the Due Process Clause of the Fourteenth Amendment in connection with the alleged deprivation of his confiscated property.

---

[1] "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

3

Under the Fourteenth Amendment, no state may deprive any person of life, liberty, or property without due process. U.S. Const. Amend. XIV, § 1. In order to state a procedural due process claim, a litigant must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989). Next, he must allege facts sufficient to show that the procedures attendant upon the deprivation were not constitutionally sufficient. Id.

To the extent that plaintiff alleges that his property was confiscated, his allegations would be analyzed as a deprivation of property. An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). However, "neither a negligent nor intentional *unauthorized* deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss." Eaves v. Castro, 2011 WL 220017 at *4 (E.D. Cal. Jan. 24, 2011) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984) and Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984)) (emphasis added).

Here, plaintiff appears to allege that defendants intentionally deprived him of his property in violation of prison regulations and state law. The plaintiff's clarifications in his reply appear to confirm this. See Reply at 3 ("[D]efendants, throughout this entire ordeal, did not act in accordance with governing state laws, rules, regulations, policies and procedures."). However, such allegations do not give rise to a cause of action under the Due Process Clause if a meaningful post-deprivation remedy is available. See Hudson v. Palmer, 468 U.S. at 533. California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); see also Valdes v. Schwarzenegger, 2009 WL 1440249 at *2 (E.D. Cal. May 20, 2009). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State

Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Accordingly, plaintiff's allegations are insufficient to state a cognizable due process claim because if the allegations are taken as true, defendants intentionally deprived plaintiff of his property in contravention of the established state procedures, regulations, or statutes, which include a meaningful post-deprivation remedy. Moreover, plaintiff fails to allege that he complied with the California Tort Claims Act before bringing the present action against defendants.

Furthermore, to the extent that plaintiff attempts to bring his claims against defendants solely based on allegations that defendants violated prison rules and policies, his claims should be dismissed. There is not an independent cause of action under section 1983 for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); see Davis v. Kissinger, 2009 WL 256574 at *12 n.4 (E. D. Cal. Feb. 3, 2009). Nor is there any liability under section 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

For the reasons stated above, the allegations in plaintiff's complaint fail to state a claim under 42 U.S.C. § 1983. Accordingly, defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) should be granted.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign this action to a United States District Judge.

////

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 27) be granted;

2. The complaint be dismissed without prejudice for failure to state a claim; and

3. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 14, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

6